IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff-Respondent*,

v.

    Case No. 24-CR-10027-EFM
    Case No. 25-CV-01082-EFM

TIMOTHY D. LUKER,

    *Defendant-Petitioner.*

**MEMORANDUM AND ORDER**

Before the Court is Defendant-Petitioner Timothy D. Luker's pro se Motion to Vacate his sentence under 28 U.S.C. § 2255 (Doc. 22). Defendant previously pled guilty to one count of distributing child pornography. Defendant now requests that the Court vacate or reduce his sentence, arguing his counsel was ineffective by failing to object to what he contends are unconstitutional and illegal exercises of jurisdiction, laws, and sentences. The Government argues against each of Defendant's claims. Both parties, however, overlook an important part of Defendant's plea agreement—his waiver of the right to bring this Motion. For the reasons stated below, the Court denies Defendant's Motion.

**I.    Factual and Procedural Background**

On March 12, 2024, Defendant was charged by grand jury indictment with one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2). At all relevant times, Defendant was represented by counsel. Defense counsel notified the Court on June 5, 2024, that Defendant would enter a guilty plea. The parties negotiated a plea agreement, and the Defendant pled guilty to the charge against him on July 12, 2024.

As part of the factual basis for the plea agreement, the Defendant agreed that he used his online Discord account to distribute six child sex abuse images to others while he was staying at a halfway house in the District of Kansas after being previously convicted of possession of child pornography. The plea agreement states, among other items, that Defendant agreed to pay at least $3,000 in restitution to each victim and acknowledged that the Court could impose a $5,000 assessment fee under the Justice for Victims Trafficking Act ("JVTA") and an additional fee up to $35,000 under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act ("AVAA"). Further, the plea agreement states that the Defendant waived his right to collaterally attack the sentence imposed by the Court. Defendant stated that he understood each of these statements at his change of plea hearing and Defendant and his counsel signed the plea agreement.

The Presentence Investigation Report ("PSIR") filed in this case placed Defendant at a base offense level 22 with an upward adjustment to level 34 based on specific offense characteristic enhancements under USSG §§ 2G2.2(b)(2)–(6). It also placed his criminal history at category II based on his prior federal conviction for possession of child pornography. At Defendant's October 7, 2024, sentencing hearing, Defendant stated he had the opportunity to review the PSIR and discuss is with his attorney. Neither attorney objected to the PSIR.

The Court sentenced Defendant to 210 months of imprisonment followed by a 20-year period of supervised release. The Court also ordered Defendant to pay a $100 special assessment to the Crimes Victims Fund, a $10,000 assessment to the AVAA, and restitution of $5,000 to a victim depicted in images the Defendant distributed. The Court further ordered the Defendant to register as a sex offender upon his release under the Sex Offender Registration and Notification Act ("SORNA"). The Court's sentence falls within the sentencing guidelines applicable to Defendant. Defendant did not appeal the Court's judgment.

Instead, Defendant brings the present Motion to Vacate his sentence under 28 U.S.C. § 2255. Defendant asserts his counsel was ineffective by failing to make several objections. Defendant argues that the Court lacked jurisdiction over his case because his actions occurred intrastate, the statutes criminalizing possession of child pornography are unconstitutional, the Court's imposition of restitution and fees are unconstitutional, and that the Court's order that he register under SORNA is an illegal sanction. The Government filed a timely response to which the Defendant replied.

## II.     Legal Standards

Under 28 U.S.C. § 2255(a),

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[1] The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[2]

---

[1] 28 U.S.C. § 2255(b).

[2] *See Hatch v. Oklahoma.*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by*

An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[3]

Because Defendant proceeds pro se, the Court holds his pleadings to "less stringent standards than formal pleadings drafted by lawyers."[4] But it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[5] Pro se litigants are also bound by the same rules of procedure that govern other litigants.[6]

### III.   Analysis

Defendant moves to vacate his sentence on the basis that his counsel rendered ineffective assistance by failing to object to what he contends are unconstitutional and illegal exercises of jurisdiction, laws, and sentences. But Defendant's plea agreement bars his ability to challenge his sentence under 28 U.S.C. § 2255.

The plea agreement states in pertinent part:

> **12. <u>Waiver of Appeal and Collateral Attack.</u>** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including assessments and restitution, as well as the length and conditions of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. *The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255* (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In

---

*Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[3] *See id*. at 1471 (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[4] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs or varies upwards from the sentencing Guideline range that the Court determines to be applicable.[7]

Here, the Court did not vary upward from the sentencing Guideline range that applied to Defendant. Accordingly, Defendant may only validly challenge his sentence by establishing the "plea validity exception" set forth in *United States v. Cockerham*.[8]

The *Cockerham* Court held that plea agreement waivers of § 2255 rights are generally enforceable, including most ineffective assistance of counsel claims.[9] The only exception to this general rule is an ineffective assistance claim attacking the validity of the plea itself.[10] For example, if defense counsel fails to explain the terms of the plea such that the defendant does not enter into the plea agreement knowingly or voluntarily, the defendant does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel to challenge the plea's validity.[11] But "[a] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."[12] Nor may a defendant circumvent this rule by couching their arguments in terms of ineffective assistance when they merely seek to attack their sentence.[13]

Here, Defendant merely attacks his sentence under the guise of ineffective assistance of counsel. He requests the Court to vacate or reduce his sentence, arguing that his counsel was

---

[7] Doc. 16 at 6 (emphasis added).

[8] 237 F.3d 1179 (10th Cir. 2001).

[9] *Id.* at 1181, 1187.

[10] *Id.* at 1187; *see also United States v. Broce*, 488 U.S. 563, 569 (1989)).

[11] *Cockerham*, 237 F.3d at 1187.

[12] *Id.* at 1182 (quoting *Broce*, 488 U.S. at 570).

[13] *Id.* at 1187.

ineffective for failing to object to the Court's jurisdiction over his case. He also argues defense counsel was ineffective by not objecting to the constitutionality of the charge he pled guilty to, as well as the Court's imposition of restitution and assessment fee, supervised release, and registration under SORNA. At no point, however, does Defendant dispute the validity of the guilty plea he entered or otherwise argue he made it unknowingly or involuntarily, including the waiver of his right to bring this § 2255 motion which the Court addressed during Defendant's change of plea hearing:

> THE COURT: . . . So let's go to paragraph 12. This paragraph explains that the law gives you a lot of rights to challenge or appeal things that happened to you in connection with this case.
>
> You can appeal the way the case was investigated or prosecuted against you. You can appeal your conviction. You can appeal the sentence you receive and how that sentence was calculated. You can appeal the terms and conditions of supervised release placed upon you and any later violation of those terms and conditions you may be found to have committed. You can even, after this case is over, file a new motion or a separate case in which you would allege that we did not properly follow the law and the rules in handling this matter and; therefore, you shouldn't be held to any judgment or sentence issued against you.
>
> But under paragraph 12, you are pretty much waving all of those appeal rights the law would otherwise give to you. By in large, unless I were to give you a sentence longer than the longest end of the recommended guideline range, or unless the Government were to file its own appeal, other than in those instances, you are pretty much waving any rights to appeal that you would otherwise be entitled to. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And are you agreeing to do that?
>
> THE DEFENDANT: Yes, Your Honor.[14]

---

[14] Doc. 23 at 16–17.

-7-

Because Defendant attacks his sentence rather than the validity of his guilty plea, his claim falls within the scope of the collateral attack waiver in his plea agreement. Accordingly, the Court denies Defendant's Motion to Vacate.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Vacate (Doc. 22) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 22nd day of August, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE