## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff-Respondent*,

v.

                    Case No. 24-CR-10027-EFM
                    Case No. 25-CV-01082-EFM

TIMOTHY D. LUKER,

    *Defendant-Petitioner.*

## MEMORANDUM AND ORDER

Before the Court is Defendant-Petitioner Timothy D. Luker's pro se Motion for Reconsideration (Doc. 37) of the Court's Order denying his Motion to Vacate under 28 U.S.C. § 2255 on the merits (Doc. 36). This is Defendant's second request for the Court to reconsider his Motion to Vacate. Previously, the Court granted Defendant's first motion for reconsideration of its denial of Defendant's Motion to Vacate, which the Court erroneously denied as waived by Defendant's plea agreement. The Court then considered Defendant's substantive arguments, rejected them, and denied his Motion to Vacate on the merits.[1] Defendant's second Motion for Reconsideration argues that the Court clearly erred in denying his Motion to Vacate on the merits and, in the alternative, requests a certificate of appealability ("COA"). For the reasons stated below, the Court denies Defendant's Motion and his request for a COA.

---

[1] *See United States v. Luker*, 2025 WL 3166825 (D. Kan. Nov. 13, 2025); Doc. 36.

### I.    Legal Standards

Because Defendant proceeds pro se, the Court holds his pleadings to "less stringent standards than formal pleadings drafted by lawyers."[2] A pro se litigant is entitled to a liberal construction of his pleadings.[3] But it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[4]

The Court has discretion whether to grant a motion to reconsider.[5] The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider."[6] Instead, a post-judgment motion to reconsider "may arise under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason)," although the rules are not interchangeable.[7] Here, Defendant does not specify which rule he moves for reconsideration under, but he expresses that the Court "needs to correct clear error."[8] As such, the Court construes his motion as brought under Rule 59(e).[9]

---

[2] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[3] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[6] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[7] *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (citation omitted) (internal quotation marks omitted).

[8] Doc. 37 at 1.

[9] Whether a motion for reconsideration should be considered a motion under Rule 59(e) or Rule 60(b) is not only a question of timing, but also "depends on the reasons expressed by the movant." *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011) ("A Rule 59(e) motion is the appropriate vehicle to correct manifest errors of law or to present newly discovered evidence." (quotation omitted)).

A motion for reconsideration under Rule 59(e) "gives the court an opportunity to correct manifest errors of law or fact and to review newly discovered evidence."[10] The court should alter or amend its judgment where the court has misapprehended the facts, the parties' positions, or the controlling law.[11] "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[12] Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[13]

## II.    Analysis

Defendant presents no valid argument warranting the Court's reconsideration. Instead, Defendant repeats the same arguments raised in his Motion to Vacate which the Court considered and rejected. Defendant's assertions that the Court clearly erred in denying him section 2255 relief merely rehash his previous arguments and are insufficient to warrant relief from judgment under Rule 59(e).[14] Accordingly, the Court denies Defendant's Motion for Reconsideration.

As for Defendant's request for a COA, the Court directs Defendant to the Court's Order denying him section 2255 relief, in which the Court determined he was not entitled to a COA. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a

---

[10] *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *Comm. for the First Amend. v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992)).

[11] *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted) (citation omitted).

[12] *Voelkel*, 846 F. Supp. at 1483.

[13] *See Van Skiver*, 952 F.2d at 1243.

[14] Defendant's arguments would also be insufficient to warrant relief from judgment under Rule 60(b) if the Court were to construe his Motion for Reconsideration as one brought under Rule 60(b). *See id.*; Fed. R. Civ. P. 60(b).

constitutional right."[15] Defendant did not make such a showing in his Motion to Vacate, and he has not made such a showing here. Accordingly, the Court denies Defendant's request for a COA.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration (Doc. 37) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 6th day of March, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[15] 28 U.S.C. § 2253(c)(2).